# United States District Court
# District of Massachusetts

DUDLEY MORRIS,
    Petitioner,

v.                                      CIVIL ACTION NO. 10-12143-NMG

GARY RODEN, ETC.,
    Respondent.

## *REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS TIME-BARRED (#7)*

COLLINGS, U.S.M.J.

    The petition in the instant case was filed on December 13, 2010. Four grounds for habeas relief are set forth in the petition. The first is that petitioner's trial counsel was ineffective because he failed to request an instruction as to consensual entry as a defense to the crime of home invasion. (#1 at 6) The second is that the trial judge's instructions on that issue deprived

the petitioner of a fair trial. (#1 at 8) The third alleges a violation of petitioner's constitutional rights because of purported perjury by a Boston Police Officer at trial. (#1 at 9) The fourth ground alleges that the sentence imposed on the home invasion conviction was improper. (#1 at 11)

The Supreme Judicial Court denied further appellate review of petitioner's conviction on September 16, 2005.[1] The one-year statute of limitations began to run 90 days after that and, in fact, ran out in December 2006. Manifestly, the petition filed on December 13, 2010 is untimely.[2] However, petitioner argues that the Court should invoke the doctrine of equitable tolling for a period of time necessary to render his petition as timely filed.

In support of his plea for application of the equitable tolling doctrine, petitioner alleges in his petition that "[a]fter my direct appeal, I believe[d] Attorney Woodrow Brown [petitioner's attorney for appellate proceedings] was going to represent me on a federal habeas since he did not withdraw his representation until October 3, 2008, then I filed a motion for post-conviction

---

[1] The Appeals Court affirmed the petitioner's conviction, see *Commonwealth v. Morris,* 64 Mass. App. Ct. 51, 831 N.E. 2d 338 (2005). The Supreme Judicial Court denied further appellate review. *Commonwealth v. Morris,* 445 Mass. 1102, 834 N.E. 2d 256 (2005)(Table).

[2] The fact that a motion for new trial was filed on January 14, 2009 after the statute had run has no effect on the untimeliness of the petition.

relief." (#1 at 14)   In his opposition to the respondent's motion to dismiss (#9), petitioner makes that point again (#9 at 2) but also relies on an allegation that a Boston Police Officer committed perjury at his trial and that it was not until he received the police officer's report on February 23, 2009 that he had a basis for making the perjury allegation. (Appellant's Application for Further Appellate Review, April 23, 2010, at 1).

In the case of *Holland v. Florida,* \_\_\_ U.S. \_\_\_, 130 S.Ct. 2549 (2010), the Court held that the one-year statute of limitations for filing habeas petitions is subject to equitable tolling. *Id.* at 2560.  After the decision in *Holland,* the First Circuit reaffirmed its prior holdings on the issue finding that they were "consistent with the teachings of *Holland.*" *Riva v. Ficco,* 615 F.3d 35, 39 (1 Cir., 2010).  Those holdings are "...that equitable tolling 'is the exception rather than the rule,' and that 'resort to its prophylaxis is deemed justified only in extraordinary circumstances'." *Id.* (quoting *Delaney v. Matesanz,* 264 F.3d 7, 14 (1 Cir., 2001)). Further, "[a] habeas petitioner bears the burden of establishing the basis for equitable tolling." *Id.* (citing *Holland,* 130 S. Ct. at 2562).  The burden is to show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely

filing." *Holland,* 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).

On the record before me, I find that the petitioner has failed to demonstrate that he used reasonable diligence in pursuing his rights. The *only* evidence proffered on this issue is petitioner's statement that he "thought" his appellate counsel was "going to file his federal habea [*sic*] since his counsel did not withdraw his representation [in the state court] until October 3, 2008." (#9 at 2) Manifestly, this assertion is insufficient to meet the burden. There is no evidence that, over the three-year period from when the Supreme Judicial Court denied review (September 16, 2005) to the date when his appellate attorney withdrew his representation (October 3, 2008), petitioner ever inquired as to why the appellate attorney had not filed a habeas petition.[3] In short, the record reflects that during that three-year period, there was a complete lack of diligence on petitioner's part.

Moreover, there was no "extraordinary circumstance" which prevented

---

[3] Contrast this record with the record before the Supreme Court in the *Holland* case where the petitioner consistently sought information from his attorney and never received a response. *Holland,* 130 S.Ct. at 2555-2559.

him from filing a timely petition. He claims that a police report made by a police officer who testified at his trial was not produced until he filed his motion for post-conviction relief in January, 2009 and that statement showed that the officer committed perjury. The failure to produce the statement is said to be an "extraordinary" circumstance. This argument is without merit.

The petitioner knew about the statement at the time of his trial because the district attorney asked the witness about it. (#10-1 at 35-36) Although it does not appear that petitioner's trial counsel sought production of the statement at the time, its existence was not a secret. Further, presumably the petitioner had access to the trial transcript which was prepared for his appeal which would again have alerted him to the existence of the statement. Lastly, the petitioner had no trouble persuading the judge who was hearing his post-conviction motion to order the Commonwealth to produce the statement. There is simply nothing approaching an "extraordinary circumstance" which prevented petitioner from filing his habeas petition within the one-year

statutory period.[4]

Since the petitioner has not met his burden of establishing the prerequisites for application of the doctrine of equitable tolling, I RECOMMEND that Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred (#7) be ALLOWED and that Final Judgment enter DISMISSING the petition.

The parties are hereby advised that pursuant to Rule 72, Fed. R. Civ. P., any party who objects to these recommendations must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which

---

[4] Further, equitable tolling is unavailable in cases where the claim "is of dubious merit." *Lattimore v. Dubois,* 311 F.3d 46, 55 (1 Cir., 2002)(citing *Brackett v. United States,* 270 F.3d 60, 71 (1 Cir., 2001), *cert. denied,* 535 U.S. 1003 (2002)), *cert. denied sub nom. Lattimore v. Maloney,* 538 U.S. 766 (2003). At least to his third ground of habeas relief, the petitioner is wrong when he claims that the officer's report supports the conclusion that the officer committed perjury respecting the location at which he met the complaining witness for an interview. The officer testified that he met the witness "at the back of the museum off Huntington Avenue." (#10-1 at 34) The statement indicates that he met with the complaining witness but does not indicate the location of the meeting. (#10-1 at 66) This is hardly a demonstration of perjury. Similarly, the officer's report indicates that the complaining witness said that the petitioner "has a Glock 9MM handgun but that she has have [*sic*] never seen it." (#10-1 at 67) At trial, the complaining witness said that the petitioner had shown the gun to her "before." (#10-1 at 68) At trial, the officer testified that the complaining witness told him that the petitioner "carried a Glock 9mm" which is completely consistent with what is in the statement. The officer never testified under oath one way or the other as to whether the complaining witness had told him that she had actually seen the gun. To the extent that petitioner claims that the complaining witness committed perjury, the witness testified and petitioner's counsel had full opportunity to cross-examine her and full opportunity to seek the officer's report of her statements. This claim may aptly be described as "of dubious merit."

objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega,* 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

June 16, 2011.